MARY WARSHAWSKY AND MORRIS WARSHAWSKY, PLAIN-
TIFFS-RESPONDENTS, v. NEVINS BUS COMPANY, A
CORPORATION, DEFENDANT-APPELLANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiffs-respondents, *Feinberg & Feinberg.*

For the defendant-appellant, *Charles C. Colgan.*

PER CURIAM.

The action arises out of an illness alleged to have been incurred by the plaintiff Mary Warshawsky, while a passenger on a bus of the defendant, passing from New York City to Bayonne. The testimony of Mrs. Warshawsky is that she boarded the bus at Seventh avenue and Thirty-seventh street, New York City, and experienced no ill effects until the bus was passing through the tunnel, when she began to feel dizzy; that her indisposition increased and that when she alighted from the bus at Bayonne she was ill and called one Dr. Feinberg. Dr. Feinberg testifies that his examination of the plaintiff disclosed that she was suffering from the inhalation of monoxide gas; and Mrs. Warshawsky includes in her testimony the statement that she detected the odor of gas while in the bus. The District Court judge, sitting without a jury, found for the plaintiffs, having theretofore denied defendant's motions for nonsuit and for a direction of verdict respectively. The question, simply stated, is

whether the doctrine of *res ipsa loquitur* applies to the facts of the case. The District Court finding was on the assumption that the doctrine is applicable and the respondent seeks to sustain the propriety of that application. The appellant dissents therefrom.

In *Mumma* v. *Easton and Amboy Railroad Co.*, 73 *N. J. L.* 653, 658, it is said that the principle of the doctrine of *res ipsa loquitur* is that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, injurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by defendant, affords *prima facie* evidence that there was want of due care.

Our examination of the testimony leads us to think that the case is not within the doctrine as thus defined. Assuming that the cause of the plaintiff's disability was the inhalation of monoxide gas, it is not established that that poisonous vapor came from any instrumentality under the control of the defendant or the defendant's servants. It is common knowledge that monoxide gas is given off in the exhaust of motor engines and that wherever there is impaired ventilation the gas is apt to accumulate. It is suggestive that the plaintiff, having boarded the car at Seventh avenue and Thirty-seventh street, experienced no ill results before she arrived at the tunnel, and that it was in the tunnel, where ordinarily many motor vehicles are constantly passing with their exhausts necessarily in operation, that the plaintiff began to feel uncomfortable. It is in the evidence that the engine of the bus on which the plaintiff was a passenger discharged monoxide gas, but it is not established that the gas inhaled by the plaintiff came from that source. The proof of an occurrence of an accident does not raise a presumption of negligence; where the testimony which proves the occurrence by which the plaintiff was injured discloses circumstances from which the negligent conduct of the defendant is a reasonable inference, a case is presented which calls for a defense. *Bahr* v. *Lombard, Ayres & Co.*, 53 *N. J. L.* 233.

We do not find proof of circumstances from which the negligent conduct of the defendant may be said to be a reasonable inference, and we are, therefore, brought to the conclusion that the judgment below is not to be sustained upon the doctrine of *res ipsa loquitur,* and that there should be a reversal.